## AMERICAN HOIST & DERRICK COMPANY.

*v.*

## ANTONIO FERRE & J. A. MERSON, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF FERRE & MERSON.

---

San Juan, Equity, No. 790.

On Motion for Reconsideration of Order as to Terms.

Practice—Solicitor's Fees as Terms.

    1. A court of equity has the discretion, in a proper case, to im-

American Hoist & D. Co. v. Ferre & Merson.

pose the payment of reasonable solicitor's fees as terms for reopening a case which has been dismissed.

Practice—Action of Preceding Judge.

    2. The court will not ordinarily reconsider the discretionary action of a preceding judge at a previous term.

Opinion filed May 6, 1913.

————

*Mr. Francis E. Neagle* for complainant.

*Mr. N. B. K. Pettingill* for defendant.

HAMILTON, Judge, delivered the following opinion:

This cause comes on to be heard upon a motion to reconsider orders made by a previous judge of this court on November 9th and November 22d, 1912, fixing certain terms for reopening the case. The complainant had allowed time for taking his testimony to lapse, and consequently the defendant was entitled to a decree dismissing the case for want of proof. The court granted leave to the complainant to dismiss the case without prejudice, and, later, time to take testimony, provided the complainant would pay $500 for respondent's counsel fees.

The ordinary rule is that a complainant has a right to dismiss his bill upon payment of costs. Costs do not include solicitor's fees. But this rule has just exceptions, and one is that when any other party has acquired rights in the meantime, the complainant is not permitted to dismiss except by consent.

A case discussing the question fully is that of Chicago & A.

American Hoist & D. Co. v. Ferre & Merson.

R. Co. v. Union Rolling Mill Co. 109 U. S. 704, 713, 27 L. ed. 1081, 1085, 3 Sup. Ct. Rep. 594, and citations.

In the case at bar the defendant had acquired the right to have the cause dismissed upon the merits, and should not be required to change its position without consent; and the consent in this instance was on condition of the payment of $500 counsel fees.

The imposition of costs is a different thing from the imposition of terms, or, rather, costs are but one form of the terms which may be imposed by the court. Courts not infrequently require that something be done or conceded by a party as terms, before some penalty or advantage will be waived. See Merrimac Mattress Mfg. Co. v. Schlesinger, 124 Fed. 237. It does not seem that there is any reason why counsel fees should not be imposed as terms in a proper case. Going on with the case imposes further employment of attorneys. The granting of such an order was within the discretion of the court, and nothing has been shown on this hearing to indicate that the counsel fees allowed were excessive. On principle the court would not be inclined to disturb this exercise of discretion had at a previous term, and still less so when the order was made by another judge, who had all the facts before him.

The motion therefore is overruled, but the plaintiff is allowed sixty days to take its testimony if it prefers to go on.